Case 2:19-cr-00179   Document 47   Filed on 01/24/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:19-179-1 |
| | § | |
| **BRUCE GUADALUPE GONZALES,** | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Bruce Guadalupe Gonzales filed a construed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 37) and amended Section 2255 motion (D.E. 41).[1] Now pending before the Court is the United States of America's (the "Government") motion to dismiss the Section 2255 motions as untimely (D.E. 45), to which Movant has not responded. For the reasons stated below, the Government's motion to dismiss is **GRANTED**, and Movant's Section 2255 motions are **DENIED**.

**I. BACKGROUND**

In 2019, Movant pled guilty to robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). His plea was pursuant to a written plea agreement wherein he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. Movant was sentenced to 27 months' imprisonment on

---

1. Docket entry references (D.E.) are to the criminal case.

1

the robbery conviction and 84 months on the brandishing a firearm conviction, to be served consecutively and to be followed by three years' supervised release. Judgment was entered on November 14, 2019. Consistent with his appellate waiver, Movant did not appeal.

On August 19, 2024, Movant filed a Motion to Dismiss Indictment for Unconstitutionality and Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. Rule 201(d) in Support of Motion, wherein he argued that 18 U.S.C. § 1951 is unconstitutional. D.E. 37, 37-1. The Court recharacterized the filings as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and gave Movant the opportunity to either withdraw his motion or file an amended Section 2255 motion using this District's standard form and containing all of the Section 2255 claims that he believes he has. *See* D.E. 38 (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)). On September 19, 2024, Movant refiled his original Motion to Dismiss Indictment for Unconstitutionality (D.E. 39) and Judicial Notice of Adjudicative Facts (D.E. 40), as well as an amended Section 2255 motion using this District's standard form (D.E. 41).

## II. MOVANT'S ALLEGATIONS

Movant's Section 2255 motions raise three related claims:

(1) His robbery conviction was unconstitutional because he committed a "local robbery and/or intrastate robbery;" however, Congress has no authority to regulate or punish local crimes;

(2) 18 U.S.C. § 1951 violates the Tenth Amendment because Congress did not place any requirement in the statute that there is a nexus between interstate commerce and the crime; and

(3) The Hobbs Act does not authorize Congress to punish robbery, which cannot be considered as buying, selling, or a commercial transaction.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under Section 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Because Movant did not appeal, his conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. *See* FED. R. APP. P. 4(b). Judgment was entered on November 14, 2019. Movant's conviction therefore became final on November 28, 2019. Movant did not file his Section 2255 motion until August 19, 2024, almost four years after the statute of limitations expired on November 28, 2020.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant appears to argue that he is entitled to equitable tolling because he "had improper counsel" at the time of sentencing, and counsel failed to inform him of his ability to appeal or collaterally attack his conviction and sentence. D.E. 41, p. 11. Movant also claims that he "did not find the facts that support my claims until 7/15/2022." *Id.*

"Ineffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). While an attorney's intentional deceit could

warrant equitable tolling, a petitioner must show that he reasonably relied on his attorney's deceptive misrepresentations. *See id.* (citing *United States v. Wynn*, 292 F.3d 226, 230–31 (5th Cir. 2002)). Here, Movant does not assert that his attorney affirmatively misled him or that he relied on any deceptive misrepresentations. Even taking as true Movant's claim that he learned some new facts supporting his claims on July 15, 2022, that discovery would have started a one-year clock that expired on July 15, 2023—more than a year before he filed his initial Section 2255 motion. Movant does not explain what steps he took to timely file his Section 2255 motion once he discovered these new "facts."

The Court finds that Movant has not shown that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Accordingly, his motion is barred as untimely, and the Court need not consider the merits of his claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 45) is **GRANTED**, Movant's construed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 37) and amended Section 2255 motion (D.E. 41) are **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** on January 24, 2025.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE